IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tito Knox, | ) | C/A No. 6:17-713-HMH-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Elena Klimbal, *PMHNPPC*, Officer Graham, | ) | |
| Defendants. | ) | |

The plaintiff, Tito Knox, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes Plaintiff's claims should be summarily dismissed without prejudice and issuance and service of process.

**I.      Factual and Procedural Background**

Plaintiff alleges that in 2005, Defendant Graham of the Greenville County Detention Center arrested him after approaching him on Plaintiff's uncle's property based on a tip Graham received. He claims Graham "made up stories to create a case" and falsely arrested Plaintiff after Graham searched his person. Plaintiff claims he served ten years in prison for an unspecified charge and conviction and now will be on probation for the rest of his life. Further, Plaintiff claims that unspecified people force him to take mind-altering drugs every month, and if he fails to take the drugs, he will return to prison. Plaintiffs raises claims of false arrest and cruel and unusual punishment against the defendants, and he seeks damages.

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In this action, Plaintiff alleges he was falsely arrested by Defendant Graham and consequently imprisoned for ten years, which the court construes as a claim for false arrest or imprisonment in violation of the Fourth Amendment.  However, as discussed below, the court finds

Page 3 of 6

PJG

that Plaintiff's Complaint should be dismissed because it is barred by Heck v. Humphrey, 512 U.S. 477 (1994).[2]

In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Id. at 487. However, Plaintiff has provided no factual allegations to show that he successfully challenged his 2005 arrest or conviction. Thus, Plaintiff's claims for damages associated with an allegedly unlawful arrest or imprisonment are barred at this time by the holding in Heck.[3]

---

[2] Plaintiff has also named Elena Klimbal as a defendant in this action. However, Plaintiff fails to allege any facts about Defendant Klimbal, or make allegations against her. Accordingly, the court finds that to the extent Plaintiff seeks to state a claim against Defendant Klimbal, Plaintiff fails to state a claim upon which relief can be granted. See Iqbal, 556 U.S. at 684.

[3] The court notes that Plaintiff indicates he is no longer incarcerated, but will be on probation for the remainder of his life. See Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008) (holding that former prisoners are exempt from Heck's favorable termination requirement if, as a practical matter, they could not seek habeas relief). However, Plaintiff provides no facts to demonstrate that habeas relief was unavailable during the ten years he claims he was incarcerated. See Bishop v. Cty. of Macon, 484 F. App'x 753, 754-55 (4th Cir. 2012) (clarifying that the Wilson exception only applies where a plaintiff can show that circumstances beyond his control left him unable to pursue habeas relief); cf. Greene v. Sterling, Civil Action No.: 5:16-cv-00587-JMC, 2016 WL 2864894, at *2 (D.S.C. May17, 2016) (declining to adopt the magistrate judge's report and recommendation dismissing a former inmate's § 1983 claim that he was wrongfully convicted in a disciplinary proceeding during his four-month incarceration based on the plaintiff's failure to show Heck's favorable termination requirement because plaintiff's limited custodial sentence effectively left him without an adequate remedy at law to address the alleged constitutional infirmities).

PJG

**III.     Conclusion**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 21, 2017
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).