IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tito Knox, | ) | |
| | ) | C.A. No. 6:17-713-HMH-PJG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Elena Klimbal, PMHNPPC, | ) | |
| Officer Graham, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Tito Knox's untimely objections to the Report and Recommendation. This matter was dismissed without prejudice for failure to state a claim on May 3, 2017. Knox appealed and on August 21, 2017, the Fourth Circuit remanded this 42 U.S.C. § 1983 case "with instructions to allow [Tito] Knox [("Knox")] to file an amended complaint" to provide the Plaintiff with the opportunity to remedy "deficiencies identified by the district court." (Aug. 21, 2017 Order, ECF No. 28.) In an August 23, 2017 order, the court ordered Knox to file an amended complaint within twenty days. Knox failed to file an amended complaint. United States Magistrate Judge Paige J. Gossett, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina issued a Report and Recommendation on September 25, 2017, recommending dismissing this case with prejudice for failure to prosecute. Objections to the Report and Recommendation were due on October 13, 2017. After receiving no objections, the court entered an order adopting the

1

Report and Recommendation on October 16, 2017. Knox filed his objections on October 21, 2017.[1]

The court construes Knox's untimely objections as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Knox initiated this lawsuit against Elena Klimbal and Officer Graham complaining that Defendant Graham falsely arrested Knox in 2005 and that he served ten years in prison as a result. Further, Knox complains that he is forced to take medications. Knox makes no specific allegations against Elena Klimbal. (Compl., generally, ECF No. 1.) In his objections, Knox argues that his due process rights have been violated because he was denied a hearing after being found not guilty by reason of insanity on June 22, 2007. (Objs., generally, ECF No. 42.); see Cr. No. 6:06-cr-00269-HMH. Knox makes no allegations against these defendants. Based on the foregoing, Knox fails to state any basis for relief pursuant to Rule 59(e). Further, Knox

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988).

has had ample opportunity to amend his complaint and has failed to do so. In addition, Knox's claims in his objections are without merit.

It is therefore

**ORDERED** that Knox's Rule 59(e) motion, docket number 42, is denied.

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                        Senior United States District Judge

Greenville, South Carolina
October 30, 2017

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.